UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN -- SOUTHERN DIVISION

GERALDINE WENGLE,
Individually and on behalf others similarly situated,
    Plaintiff,

-vs-

    Case No.
    Hon.
    CLASS ACTION COMPLAINT

DIALAMERICA MARKETING, INC.,
    Defendant.

## **COMPLAINT & JURY DEMAND**

*Geraldine Wengle states the following claims for relief:*

### **Jurisdiction**

1. This Court has jurisdiction under the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227 *et seq.,* and 28 U.S.C. §§1331, 1337.

2. This Court also has jurisdiction under the Class Action Fairness Act, as the amount in controversy in this diverse class action exceeds $5,000,000.  28 U.S.C. § 1332(d).

### **Parties**

3. The Plaintiff to this lawsuit is Geraldine Wengle who resides in Dearborn, Michigan.

4. The Defendant to this lawsuit is DialAmerica Marketing, Inc. ("DialAmerica"), a for-profit, telemarketing business incorporated in Delaware, with its primary place of business in New Jersey, and who makes telemarketing calls throughout the United States, including Michigan.

1

**Venue**

5.     The transactions and occurrences which give rise to this action occurred in Wayne County, Michigan.

6.     Venue is proper in the Eastern District of Michigan, pursuant to 28 U.S.C. §1391(b)(2).

**General Allegations**

7.     Mrs. Wengle brings this action against DialAmerica arising from unlawful telemarketing calls that DialAmerica made to her home in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TPCA")*,* and its related regulations set forth at 47 C.F.R. § 62.1200; and in violation of Michigan's prohibition against prerecorded telephone solicitations in the Home Solicitation Sales Act, M.C.L. § 445.111 *et seq.* and use of telephones for commercial solicitation in M.C.L. § 484.125.

8.     Congress enacted the Telephone Consumer Protection Act in order to protect consumers from unwanted telephone solicitations using artificial or prerecorded messages.

9.     Congress explicitly found that robocalling to solicit business is an invasion of privacy:   "Evidence compiled by Congress indicates that residential telephone subscribers consider automated or prerecorded telephone calls, regardless of the content or the initiator or the message, to be a nuisance and an invasion of privacy." Section 2 of Pub. L. 102–24.

10.    In regard to such telemarketing, Senator Hollings of South Carolina, the primary sponsor of the bill, explained, "computerized calls are the scourge of modern civilization.  They wake us up in the morning; they interrupt our dinner at night; they force the sick and the elderly out of bed; they hound us until we want to rip the telephone right out of the wall." See *In the*

*Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 F.C.C.R. 17459 at note 90 (2002), quoting 137 Cong. Rec. H10, 341 (Nov. 7, 1991).

11. DialAmerica has a business arrangement with magazine publishers to promote and sell magazine subscriptions with a certain percentage – usually 12% - donated to charity.

12. DialAmerica calls this program its "Sponsor Program".

13. While the stated intent of the program is to enable charities to fund-raise, DialAmerica and the magazine publishers received the bulk of the proceeds.

14. In 2004, DialAmerica petitioned the Federal Communications Commission ("FCC") to exempt its "Sponsor Program" from the for-profit restrictions under the TCPA.

15. DialAmerica argued that because it worked for non-profit entities to aid in their fund raising efforts, it should be able to call any number, even if registered on the National Do-Not-Call registry, just as a non-profit agency would be able to do if it conducted fund raising itself.

16. In 2005, the FCC denied DialAmerica's petition stating: "We believe that to exempt for-profit organizations merely because a tax-exempt nonprofit organization is involved in the telemarketing program would undermine the purpose of the do-not-call registry. Thus, we decline to exempt DialAmerica's Sponsor Program from the national do-not-call registry." Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 70 Fed. Reg. 19330, 19334 (April 13, 2005).

17. Ms. Wengle subscribes to residential telephone service on a land line.

18. Ms. Wengle added herself to the National "Do Not Call" registry of persons who do not wish to receive telephone solicitations as of May 14, 2010.

19. In February 2011, DialAmerica initiated multiple phone calls to Ms. Wengle using an automated dialer.

20. In those calls, DialAmerica used a prerecorded message that represented the call was for or from the Special Olympics.

21. The prerecorded message failed to identify DialAmerica as the entity responsible for initiating the call at the beginning of the message.

22. In the prerecorded message, DialAmerica solicited Ms. Wengle to support the Special Olympics.

23. DialAmerica, however, does not accept contributions for Special Olympics.

24. Rather, DialAmerica, solicited Ms. Wengle to buy or renew magazine subscriptions that would have required her to spend $25 or more.

25. On information and belief, DialAmerica donates 12.5% of the subscription price to Special Olympics.

26. Special Olympics, itself, never initiated any call to Ms. Wengle.

27. As the FCC found in 2005, DialAmerica does not qualify as a tax exempt, nonprofit organization for purposes of the TCPA.

28. DialAmerica did not receive Ms. Wengle's prior express consent to call her.

29. DialAmerica does not have a preexisting business relationship with Ms. Wengle.

30. The call to Ms. Wengle by DialAmerica was part of DialAmerica's Sponsor Program, a larger campaign by DialAmerica to telemarket magazine subscriptions.

31. DialAmerica placed calls to hundreds, if not thousands, of residential telephone subscribers across America.

32. Many of the residential telephone subscribers to whom DialAmerica placed calls have listed their numbers on the National "Do Not Call" Registry.

33. These telemarketing calls by DialAmerica violate the prohibitions in the TCPA on making telephone solicitations a) via artificial or prerecorded voices; b) without clearly stating the name of the calling entity, and c) to residential telephone subscribers on the National "Do Not Call" registry.

34. These same telemarketing calls also violate Michigan's prohibition on telephone solicitation and use of a telephone for commercial advertising.

## CLASS DEFINITION AND CLASS ISSUES

35. Ms. Wengle incorporates the preceding allegations by reference.

36. Ms. Wengle brings this action on behalf of herself and a class of all other persons similarly situated pursuant to Fed. R. Civ. P. 23.

37. Ms. Wengle proposes to represent the following classes:

a. National Class:  All persons in the United States who received a call on their residential telephone line with an artificial or pre-recorded message, initiated by or on behalf of Defendant, and without the recipient's prior express consent, for the time period beginning February 12, 2010 to present.

b. National Class:  All persons in the United States who received more than one call from DialAmerica in a 12-month period on their residential land line and whose residential land line number(s) appear on the National Do-Not-Call registry, for the time period beginning February 12, 2010 to present.

    c.    <u>National Class</u>: All persons in the United States to whom DialAmerica placed a call to their residential landline using an artificial or prerecorded voice message that failed to identify DialAmerica at the beginning of the message as the business responsible for initiating the call, for the time period beginning February 12, 2010 to present.

    d.    <u>Michigan State Class</u>: All telephone customers within the State of Michigan who received a telephone solicitation for goods or services of more than $25 from DialAmerica that included, in whole or in part, a recorded message, for the time period beginning February 12, 2008 to the present.

    e.    <u>Michigan State Class</u>: All telephone customers within the State of Michigan who received a telephone solicitation from DialAmerica that included, in whole or in part, a recorded message for the purpose of presenting commercial advertising and from whom DialAmerica did not obtain authorized consent to make such a call, for the time period beginning February 12, 2008 to the present.

    f.    <u>Michigan State Class:</u> All telephone customers within the State of Michigan who received a telephone call from DialAmerica on their residential land line and whose residential land line appears on the Michigan or National Do-Not-Call registry, for the time period beginning February 12, 2008 to the present.

38.    Numerous questions of law and fact exist that are common to all members of the class, which questions predominate over any question affecting only individual class members.

39.    The principal common issues include:

a. Whether DialAmerica uses prerecorded voice messages in its magazine subscription program?

b. Whether DialAmerica's telephone calls were made for a commercial purpose?

c. Whether DialAmerica qualifies as a tax exempt, nonprofit organization for purposes of the TCPA?

d. Whether DialAmerica operates on behalf of a tax exempt, nonprofit organization for purposes of the TCPA?

e. Whether DialAmerica's recorded message identified DialAmerica as the business responsible for initiating the call?

f. Whether DialAmerica initiated telephone solicitations to residential telephone subscribers on a Do-Not-Call Registry?

g. Whether DialAmerica's prerecorded message included or introduced an unsolicited advertisement?

h. Whether DialAmerica's prerecorded message constituted a telephone solicitation?

i. Whether DialAmerica's recorded message was for a commercial purpose?

j. Whether DialAmerica's conduct was knowing and/or willful?

40. Ms. Wengle's claims are typical of the claims of the class members. All are based on the same legal and remedial theories.

41. Ms. Wengle will fairly and adequately protect the interests of all class members in the prosecution of this action and in the administration of all matters relating to claims stated herein. She is similarly situated with, and has suffered similar injuries as, the members of the class she seeks to represent.

42. Ms. Wengle has retained counsel experienced in handling class action suits involving unfair business practices and consumer law. Neither the named plaintiff nor her counsel have any interest which might cause them not to vigorously pursue this action.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

44. The class is so numerous as to make it impracticable to join all members of the class as plaintiffs. Based upon the investigation of counsel, the number of class members is estimated to be in excess of 100 persons.

**COUNT I – Telephone Consumer Protection Act of 1991 and 47 C.F.R. 16.1200 *et seq.***

45. Ms. Wengle incorporates the preceding allegations by reference.

46. DialAmerica has violated the TCPA, 47 U.S.C. § 227 *et seq.*, and 47 C.F.R. § 64.1200a(2), b(1), and c(2) in relation to Ms. Wengle and the class members.

47. As a result of DialAmerica's negligent violations of the TCPA, Ms. Wengle and class members may recover statutory damages of $500 for each and every call in violation of the statute.

48. Alternatively, DialAmerica has knowingly or wilfully violated the TCPA in relation to Ms. Wengle and the class members.

49. As a result of DialAmerica's knowing or willful violations of the TCPA, Ms. Wengle and class members may recover statutory damages of up to $1,500 per call in violation of the statute.

## COUNT II – Michigan Prohibition on Recorded Commercial Advertising, M.C.L. §484.125

50. Ms. Wengle incorporates the preceding allegations by reference.

51. DialAmerica delivered a recorded message to Mrs. Wengle and class members without their authorized consent for the purpose of presenting commercial advertising to the subscriber in violation of M.C.L. § 484.125.

52. As a result of DialAmerica's violations of this Act, Mrs. Wengle and class members are entitled to $1,000 per call along with reasonable attorney's fees.

## COUNT III – Michigan Home Solicitation Sales Act, M.C.L. § 445.111, *et seq.*

53. Ms. Wengle incorporates the preceding allegations by reference.

54. DialAmerica used recorded messages in telephone solicitations to Mrs. Wengle and class members to solicit the purchase of goods or services in excess of $25 in violation of M.C.L. § 445.111, *et seq*.

55. DialAmerica is a telephone solicitor that made telephone solicitations to Mrs. Wengle and class members who were on the Do-Not-Call registry in violation of M.C.L. § 445.111a(4).

56. DialAmerica failed to identify itself at the beginning of the solicitation, as the entity responsible for initiating calls to Mrs. Wengle and class members, in violation of M.C.L. § 445.111b.

57. Mrs. Wengle and class members suffered loss of privacy and other losses as a result of these violations.

58. As a result of DialAmerica's violations of the Michigan Home Solicitation Sales Act, Ms. Wengle and class members are entitled to $250 per call along with reasonable attorney fees.

## Demand for Jury Trial

59. Ms. Wengle demands trial by jury in this action.

## Demand For Judgment for Relief

WHEREFORE, Plaintiff, on her own behalf and on behalf of the members of the National Classes and Michigan Classes requests judgment against Defendant as follows:

A. Certification of the proposed National Classes and Michigan Classes;

B. Appointment of Plaintiff as representative of the National Classes and Michigan Classes;

C. Appointment of the undersigned counsel as counsel for the National Classes and Michigan Classes;

D. A declaration that Defendant and/or its affiliates, agents and/or other related entities' actions complained of herein violate the TCPA, MCL§ 484.125, and MCL § 445.111;

E. An order enjoining Defendant and/or its affiliates, agents and/or other related entities, as provided by law, from engaging in the unlawful conduct set forth herein;

F. An award to Plaintiff, the National Classes, and Michigan Classes of damages, as allowed by law;

G. An award to Plaintiff, the National Classes, and Michigan Classes of attorneys' fees and costs, as allowed by law and/or equity;

H. Leave to amend this Complaint to conform to the evidence presented at trial; and

I. Orders granting such other and further relief as the Court deems necessary, just, and proper.

Respectfully Submitted,


By: s/ Julie A. Petrik (P47131)
LYNGKLIP & ASSOCIATES
CONSUMER LAW CENTER, PLC
Attorney For Geraldine Wengle
24500 Northwestern Highway, Ste. 206
Southfield, MI 48075
(248) 208-8864
Julie@MichiganConsumerLaw.com

Dated: February 11, 2014