UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALDINE WENGLE,

    Plaintiff,                                 Case No. 14-cv-10644
                                              Hon. Matthew F. Leitman

v.

DIALAMERICA MARKETING, INC.

    Defendant.

_____/

**<u>ORDER DENYING DEFENDANT'S</u>**
**<u>MOTION FOR SANCTIONS (ECF #68)</u>**

This action arose under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and its implementing regulations (collectively, the "TCPA"). Plaintiff Geraldine Wengle ("Wengle") alleged that Defendant DialAmerica Marketing, Inc. ("DialAmerica"), a professional telemarketing company, violated the TCPA when it (1) placed solicitation calls to her even though she registered her home phone number with the National Do Not Call Registry and (2) used an artificial or pre-recorded voice during these calls. (*See* ECF #1.)

DialAmerica denied that it violated the TCPA. It moved for summary judgment on two grounds: that (1) it placed its solicitation calls to Wengle on behalf of a tax-exempt nonprofit organization, the Special Olympics of Michigan, and was therefore exempt from the TCPA's prohibition against calling consumers

1

on the National Do Not Call Registry (the "Nonprofit Exemption") and (2) it did not use an artificial or pre-recorded voice when it called Wengle. On September 22, 2015, the Court granted summary judgment in favor of DialAmerica. (*See* ECF #58.)[1]  The Court concluded that DialAmerica's calls fell within the Nonprofit Exemption. The Court never reached the issue of whether DialAmerica used an artificial or pre-recorded voice in its calls.

DialAmerica has now filed a motion for sanctions (the "Sanctions Motion"). (*See* ECF #68.) DialAmerica asks the Court to sanction Wengle's counsel for filing and pursuing an action that, DialAmerica says, was frivolous and had no basis in fact or law.

DialAmerica is not entitled to sanctions – and it is not even close. This is not a case in which there was binding authority directly contrary to Wengle's position or causes of action. Indeed, as the Court made clear in its Opinion and Order, there was no authority from any court or agency addressing whether a calling program exactly like the one DialAmerica used in this case qualified for the Nonprofit Exemption. In fact, the Court found only two judicial decisions – both unpublished and both form outside of this Circuit – that applied the Nonprofit Exemption. Wengle's arguments that DialAmerica's calls did not qualify for the Nonprofit Exemption were not even remotely foreclosed by controlling precedent.

---

[1] On October 2, 2015, the Court issued an Amended Opinion and Order that corrected a single typographical error. (*See* ECF #60.)

Moreover, Wengle's arguments were thoughtful and required very careful consideration by the Court. Among other things, Wengle made a serious argument that the DialAmerica calling program at issue in this action was not materially different from an earlier DialAmerica calling program that, according to the Federal Communication Commission, did *not* qualify for the Nonprofit Exemption. While this Court continues to believe that it correctly ruled against Wengle and properly held that DialAmerica was entitled to the protections of the Nonprofit Exemption under the unique facts of this case, the Court has no doubt that a reasonable jurist could reach the opposite conclusion.

Under these circumstances, an award of sanctions is completely unwarranted. Indeed, the Court would be more willing to sanction DialAmerica's counsel for filing the Sanctions Motion than it would be willing to sanction Wengle's counsel. Simply put, the Sanctions Motion is an example of overreaching by a prevailing party, and it is **DENIED**.[2]

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2015

---

[2] Pursuant to Local Rule 7.1(f)(2), the Court concludes that oral argument would not aid its decision on the Sanctions Motion. It therefore decides the Sanctions Motion without a hearing. Moreover, it is so clear that DialAmerica is not entitled to sanctions that the Court can decide the Sanctions Motion without a response to the motion from Wengle.

  I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 27, 2015, by electronic means and/or ordinary mail.

            s/Keisha Jackson
            Case Manager
            (313) 234-5014